**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jalalideen Halid,<br>Petitioner<br>-vs-<br>C. DeRosa,<br>Respondent. | CV-14-2330-PHX-DGC (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, detained at the time in the Eloy Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 21, 2014 (Doc. 1), challenging his prolonged detention while awaiting removal. On December 15, 2014 Respondents filed their Response (Doc. 11) arguing that the Petition was rendered moot by Petitioner's release on supervision. Petitioner was ordered to show cause why the case should not be dismissed for failure to prosecute as a result of his failure to file a notice of change of address and or dismissed as moot. Petitioner has not responded.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner, a native and citizen of Ghana, sought admission into the United States on November 27, 2013. (Exhibit 1, Record of Deportable/Inadmissible Alien at 2.)

1

(Exhibits to the Response, Doc. 1, are referenced herein as "Exhibit ___.")  He was detained and ultimately determined inadmissible on the basis of his lack of a valid visa, passport, etc.. (Exhibit 2, Determination of Inadmissibility.)

Proceedings were conducted to determine whether Petitioner was entitled to asylum or protection based on a credible fear of persecution or torture.  (Exhibit 4, Record of Determination; Exhibit 5, Notice of Referral to Immigration Judge.) Petitioner was found to have no credible fear of persecution, and final order of removal was issued on March 6, 2014 (Exhibit 6).

Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 21, 2014 (Doc.1), arguing that his continued detention while awaiting removal was a denial of due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On December 10, 2014, Petitioner was paroled into the United States on conditions of supervision.  (Exhibit 7, Parole Notice.)

On December 15, 2014, Respondent filed his Response (Doc. 11) arguing that the Petition was rendered moot based on Petitioner's release on parole.[1]

Although the Court's Service Order (Doc. 3) provided Petitioner 30 days after a response to file a reply, Petitioner did not reply.

Despite his apparent release, Petitioner has not filed a notice of change of address.

On January 28, 2015, the Court issued an Order (Doc. 12), directing "that within fourteen days of the filing of this Order, Petitioner shall either: (1) file a notice of change of address; or (2) file a response to this Order showing cause why this case should not be dismissed for failure to comply with the Court's orders and failure to prosecute."  (*Id.* at 1.)  The Clerk forwarded copies to Petitioner at his address of record, and to his release address reflected on his Parole Notice (Exhibit 7).

---

[1] Respondent argues in a footnote that as a result of Petitioner's release on parole he, as warden, no longer has custody over Petitioner, and Katrina Kane should be substituted as Respondent.  (Response, Doc. 11 at 1, n.1.)  Because the undersigned concludes that this matter should be dismissed for failure to prosecute, this issue is not addressed.

On February 9, 2015, Petitioner's copy of the Order directed to his address of record was returned undeliverable, indicating he was no longer in custody.  (Doc. 13.) On February 12, 2015, the copy sent to Petitioner's parole address was returned indicating the addressee was not known. (Doc. 14)

To date, Petitioner has not responded to the Court's Order, and the time to do so expired on Wednesday, February 11, 2015.

### III. APPLICATION OF LAW TO FACTS

### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *U.S. Parole Commission v. Geraghty,*  445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome.  The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor.  "That is, whether the court can 'undo' the effects of the alleged wrongdoing."  *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment.  *Lane v. Williams,* 455 U.S. 624 (1982).  While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order.  However, although that

3

detention has terminated, Petitioner remains subject to conditions of supervision. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra.* Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

**B.  FAILURE TO PROSECUTE**

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to  achieve the orderly and expeditious disposition of cases."   *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962).  "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Despite having twice been given specific notice (Notice of Assignment, Doc. 2 at 2; Order, Doc. 3 at 2) of his obligation to file a notice of change of address, and an order (Doc. 12) specifically directing him to do so, Petitioner has failed to keep his current address on file with the Court.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Petitioner.  "A party, not the

4

district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over two months since his release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.  RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 21, 2014 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS ORDERED** that the Clerk of the Court forward copies of this Report & Recommendation to his address of record, and to the address reflected on his Parole Notice: 1133 18th Ave, Apt. 22, Seattle, Washington 98122.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 13, 2015

14-2330r RR 15 02 10 on HC.docx

James F. Metcalf
United States Magistrate Judge